ORIGINAL

ALIMONTI LAW OFFICES, P.C.
200 Mamaroneck Avenue, Suite 304
White Plains, New York 10601
Tel. 914-948-8044
Fax. 914-948-8058

BLOCK, J.

FILED
CLERK

2012 JUN 22  AM 11: 14

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LATISHA DONEGAN,<br><br>                                    Plaintiff,<br><br>                    v.<br><br>JETBLUE AIRWAYS CORPORATION,<br><br>                                    Defendant. | Civ. Case No.:<br><br>NOTICE OF REMOVAL |

CV12   3127

1.      Defendant JETBLUE AIRWAYS, CORPORATION ("JetBlue"), by and through its attorneys ALIMONTI LAW OFFICES, P.C., hereby removes this action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§1331 and 1441 *et seq.* on the ground that the Plaintiff's claims arise under the laws of the United States, specifically a treaty commonly referred to as the Montreal Convention.

2.      This action was commenced against JETBLUE AIRWAYS CORPORATION in the Supreme Court of the State of New York, County of Queens (Index No. 10863-2012). According to the record of service, JetBlue was personally served June 5, 2012.  A copy of the Summons and Complaint are attached hereto as Exhibit "A."   No further proceedings have been had in the action.

3.      This is an action brought under the laws of the United States within the meaning of 28 U.S.C. § 1331:

A. Plaintiff alleges that on or about May 27, 2010, she was injured when a JetBlue employee or its agent placed a cup of hot tea on the broken tray table in front of her seat and the tea spilled. ¶ 10, ¶11.

B. Plaintiff alleges that due to the incident described in the preceding paragraph, she sustained burns and multiple injuries. ¶11.

C. At the time of her accident, Plaintiff was traveling from JFK International Airport to Montego Bay, Jamaica on Flight 873. ¶1

D. This action is governed in part by the Convention for the Unification of Certain Rules for International Carriage by Air, a/k/a the Montreal Convention.

E. The Montreal Convention provides that "This Convention applies to all international carriage of persons, baggage or cargo performed by aircraft for reward." Convention for the Unification of Certain Rules for International Carriage by Air - Montreal, 28 May 1999, 49 U.S.C. § 41712 [hereinafter Montreal Convention]. Since Plaintiff's claims are based upon international travel between the United States and Jamaica, (both signatory to the Montreal Convention) and arose out of travel in air transportation, plaintiff's claims are preempted by the Montreal Convention.

4. Defendant JETBLUE AIRWAYS, CORPORATION is therefore entitled to remove this action to this Court pursuant to 28 U.S.C. §1441(a) as "an action of which the district courts of the United States have original jurisdiction . . . ."

5. The Eastern District of New York embraces the place where the State Court action is pending.

6. This Notice of Removal is being filed with this Court within thirty (30) days after JETBLUE AIRWAYS, CORPORATION first received, through service or otherwise, a copy of a pleading, amended pleading, motion, order or other paper from which any defendant, including JETBLUE AIRWAYS, CORPORATION, could first ascertain that the action was removable.

7. JETBLUE AIRWAYS, CORPORATION will serve a copy of this Notice of Removal on Plaintiff forthwith and will file a Notice of Filing Notice of Removal with

the Clerk of the Court of the Supreme Court of the State of New York, County of Queens.

8.      In filing this Notice of Removal, JETBLUE AIRWAYS, CORPORATION does not waive any defenses that may be available to it.

WHEREFORE, defendant JETBLUE AIRWAYS, CORPORATION prays that the above-entitled action now pending in the Supreme Court of the State of New York, Queens County be removed therefrom to this Court.

Dated: White Plains, New York
       June 18, 2012

Respectfully Submitted,

Nadine Yavru-Sakuk (NY0210)
ALIMONTI LAW OFFICES, P.C.
*Attorneys for Defendant*
*JetBlue Airways Corporation*
200 Mamaroneck Avenue, Suite 304
White Plains, New York 10601
Tel. (914) 948-8044
Fax. (914) 948-8058

To:     ROBERT RYBA, ESQ.
        Attorney for Plaintiff
        *Latisha Donegan*
        142 Joralemon Street
        Brooklyn, New York 11201
        (718) 625-5225

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

————————————————————————X

LATISHA DONEGAN,

                                              PLAINTIFF,


                - AGAINST -


JETBLUE AIRWAYS CORPORATION
(A Delaware Corp.)


                                              DEFENDANT(s).

————————————————————————X

INDEX #: 10863/2012
Date Filed: 5/22/12
Plaintiff Designates
QUEENS
County as place of Trial
The basis of venue is
DEFENDANT'S PLACE OF BUSINESS

SUMMONS WITH
VERIFIED COMPLAINT

JETBLUE AIRWAYS

JUN 05 2012

LEGAL DEPT.

Plaintiff Resides at
1 Michaels Run Road
Stroudsburg, PA 18360

To the above named Defendant:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: **April 30, 2012**

                                    ROBERT RYBA, ESQ.
                                    Attorney for Plaintiff
                                    Office and Post Office Address
Notice: The object of this action is         142 Joralemon Street
to recover for personal injury and/or        Brooklyn, New York 11201
loss of services due to defendant's          (718) 625-5225
negligence.
The relief sought is **Monetary Damages.**

        Upon your failure to appear, judgment will be taken against you by default for an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court with interest from **December 21, 2008**, including the costs of this action.

DEFENDANT'S ADDRESS

JETBLUE AIRWAYS CORPORATION, 118-29 QUEENS BLVD., FOREST HILLS, NY 11375

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X

LATISHA DONEGAN,

                             Plaintiff,

             - against -

JETBLUE AIRWAYS CORPORATION
(A Delaware Corp.)

                        Defendant(s).
---------------------------------------------------------------X

**VERIFIED COMPLAINT**

**Index #:**

       Plaintiff, LATISHA DONEGAN, complaining of the defendants by her attorneys, ROBERT

RYBA, ESQ., upon information and belief, respectfully alleges:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF LATISHA DONEGAN

      1.     That at all times herein mentioned, more particularly at or about Thursday, May 27,

2010 on Jetblue Flight 873 from JFK Airport to Montego Bay, Jamaica, Plaintiff was a passenger

lawfully on said flight.

      2.     That said airplane was fully operated and in the control of the Defendant, Defendant's

agents, employees, and servants.

      3.     That at all times herein mentioned, Defendant JETBLUE AIRWAYS

CORPORATION

was a foreign business corporation duly authorized to conduct business in the County of Queens and

State of New York.

      4.     That at all the times herein mentioned, the Defendant JETBLUE AIRWAYS

CORPORATION , was the owner or lessee of the aforementioned airplane.

      5.     That at all the times herein mentioned, the Defendant, JETBLUE AIRWAYS

CORPORATION, its agents, servants and/or employees operated the aforementioned airplane and all

appurtenances thereat.

6.     That at all the times herein mentioned, the Defendant, JETBLUE AIRWAYS CORPORATION, its agents, servants and/or employees maintained the aforementioned airplane and all appurtenances thereat.

7.     That at all the times herein mentioned, the Defendant, JETBLUE AIRWAYS CORPORATION, its agents, servants and/or employees managed the aforementioned airplane and all appurtenances thereat.

8.     That at all the times herein mentioned, the Defendant, JETBLUE AIRWAYS CORPORATION, its agents, servants and/or employees controlled the aforementioned airplane and all appurtenances thereat.

9.     That at all times herein mentioned, it was the duty of the Defendant, their agents, servants and/or employees to keep and maintain said airplane in a reasonable state of repair and good and safe condition and not to suffer and permit said premises to become unsafe and dangerous to travelers/flyers.

10.     That at all times herein mentioned, the Defendant caused, allowed and/or permitted the airplane, specifically the tray table in front of seat 24D to be, become and/or remain improperly repaired, broken, loose, and not fit for the purposes intended.

11.     That on or about May 27, 2010, while Plaintiff was lawfully seated on the aforementioned airplane (as a customer of the airline), the Plaintiff, LATISHA DONEGAN, sustained severe burns and multiple injuries and sever physical injury, pain and suffering by reason of the negligence, carelessness, recklessness, and lack of proper care of the Defendant, their agents, servants and/or employees, when the airplane tray table in front of Plaintiff's (whereupon a cup of hot tea was rested by Defendant's employee and/or agent) was broken and caused hot tea to fall onto Plaintiff.

12.     That the said incident and resulting injuries to the Plaintiff were caused through no fault

of Plaintiff but were solely and wholly by reason of the negligence of the defendants, their agents, servants and/or employees in that the defendants suffered, caused and/or permitted and/or allowed portions of said airplane (specifically the tray table behind the seat infront of Plaintiff) to be, become and remain in a dangerous, defective, hazardous, unsafe, broken, cracked, uneven, depressed condition, and was negligently and/or improperly maintained and/or repaired, and same was otherwise so dangerous, hazardous, and/or unsuitable for use by persons lawfully upon the airplane constituting a nuisance and a trap, and permitting same to be and remain in such a dangerous and defective condition for a long period and/or unreasonable period of time; in improperly causing, suffering, permitting and/or allowing improper construction of said airplane tray table; in failing to properly maintain said airplane tray table; and in improperly maintaining said airplane tray table; in improperly and negligently repairing said airplane tray table; in permitting and allowing defective repairs on said airplane tray table; in failing to apprise and/or warn the public and in particular the Plaintiff of the aforementioned conditions; in failing to place signs, barricades, warnings and/or other devices to apprise persons of the dangerous, unsafe condition thereat; in generally maintaining said airplane tray table in such a dangerous defective and/or unsafe condition so as to cause the incident herein complained of; in creating and maintaining a menace, hazard, nuisance and trap thereat; in failing to comply with the laws, statutes, ordinances and regulations made and provided therefore.

Said airplane tray table was broken, depressed, irregular, and in a state of negligent and/or improperly repaired. The defendants, through their agents, servants and/or employees were negligent and/or careless in the ineffective and defective maintenance of the airplane tray table so as to place Plaintiff in peril, all of which existed for a long and unreasonable period of time prior to the occurrence of the incident. All in violation of the rules, regulations, laws, statutes and ordinances made and provided therefore.

20.     That this action falls within one or more of the exceptions set forth in CPLR §1602.

21.     Actual notice and constructive notice is claimed in that the subject premises aforementioned where the occurrence complained of herein took place, was owned, operated, managed, maintained, controlled and supervised by the defendant. The existence of these conditions aforementioned itself and further constitute a trap, hidden defect, hazard, pitfall and/or nuisance.

22.     Constructive notice is claimed in that the subject defects, unsafe, hazardous, and dangerous conditions aforementioned at the subject premises were in existence for an inordinately long period of time prior to the occurrence complained of herein so that defendant, its agents, servants and/or employees knew or should have known of them and discovered them had they exercised reasonable means of inspection, testing, management, maintenance, servicing, and control over said premises and surrounding area.    Upon information and belief, all supervision, management, maintenance and control of the subject premises were solely and exclusively the responsibility of the defendant itself.

23.     That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent has been and will be caused great bodily injuries and pain, shock, mental anguish; loss of normal pursuits and pleasures of life; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

24.     That the foregoing accident and the resulting injuries to the Plaintiff LATISHA DONEGAN were caused solely by reason of the carelessness, negligence, wanton and willful disregard on the part of the Defendants, its servants, agents, and/or employees and without any negligence on the part of the Plaintiff contributing thereto.

**W H E R E F O R E**, plaintiff demands judgment in the **FIRST** cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; together with the costs and disbursements of this action.

DATED: BROOKLYN, NEW YORK
      APRIL 30, 2012

                                     Yours, etc.

                                       ROBERT RYBA, ESQ.
                                       Attorney for Plaintiff
                                       Office and Post Office Address
                                       142 Joralemon Street
                                       Brooklyn, New York 11201
                                       (718) 625-5225

## VERIFICATION

STATE OF NEW YORK, COUNTY OF *New York*  ) ss.:

Latisha Donegan          , being duly sworn, deposes and says:

That deponent is   the *Plaintiff*      in the within
action; that deponent has read the foregoing *Summons with Verified Complaint*
and knows the contents thereof; that the same is true to
deponent's own knowledge, except as to the matters therein
stated to be alleged on information and belief, and as to those
matters deponent believes them to be true.

*Latisha Donegan*

**Latisha Donegan**

Sworn to before me
this *30th* day of *April 2012*

*[signature]*
**Notary Public**

MICHELLE A. MEDFORD
NOTARY PUBLIC, STATE OF NEW YORK
No. 01ME6082734
QUALIFIED IN KINGS COUNTY
MY COMMISSION EXPIRES NOV. 4, 20*14*



Index No.                                    Year
Supreme Court of the State of New York
County of Queens

LATISHA DONEGAN

                                        Plaintiff,

-against-

JETBLUE AIRWAYS CORPORATION

                                        Defendant.

Attorney for    Plaintiff

Print name beneath

Signature (Rule 130-1.1-a)

ROBERT RYBA, ESQ.

Office and Post Office Address, Telephone

142 Joralemon Street, Ste. 8C
Brooklyn, NY 11201
(718) 625-5225

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

To

Attorney(s) for

---

NOTICE OF ENTRY

PLEASE take notice that the within is a (certified)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

                    Yours, etc.

Attorney for

            Office and Post Office Address

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at

on
at             M.
Dated,

                    Yours, etc.

Attorney for

            Office and Post Office Address

To

Attorney(s) for